IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CURTIS L. ARNOLD,<br><br>        Petitioner,<br><br>    v.<br><br>WARDEN FT DIX,<br><br>        Respondent. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 17-6660 (JBS)<br><br>**OPINION** |

APPEARANCES:

Curtis L. Arnold, Petitioner pro se
#21094-058
FCI Fort Dix
Inmate Mail/Parcels
East: P.O. Box 2000
Fort Dix, NJ 08640

**SIMANDLE, U.S. District Judge:**

## I. INTRODUCTION

Curtis L. Arnold, a federal prisoner confined at FCI Fort Dix, New Jersey, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, requesting his status as a career offender be removed from his judgment of conviction and that he be resentenced accordingly. Petition, Docket Entry 1. For the reasons expressed below, this Court will dismiss the petition for lack of jurisdiction.

## II. BACKGROUND

On December 19, 2005, Petitioner was sentenced as a career offender in the United States District Court for the Western District of North Carolina. Petition ¶ 4.

Petitioner challenged his sentence under 28 U.S.C. § 2255 in the sentencing court based on a new Fourth Circuit case, *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc) (holding North Carolina convictions are "crimes punishable by a term of imprisonment exceeding one year" for federal sentencing purposes only when the defendant's particular criminal history and the nature of his offense warrant). The § 2255 motion was denied on March 30, 2015. Petition ¶ 6. He appealed the decision to the United States Court of Appeals for the Fourth Circuit arguing that he could no longer be considered a career offender in light of *Simmons*. *Id.* ¶ 7. The Fourth Circuit denied a certificate of appealability on August 25, 2015. *Id.* He states he did not file a second challenge because there was "[n]o was around the Government enforcement of the waiver for relief under a *Simmons* claim for relief of a career offender status on collateral review." *Id.* ¶ 8(b).

Petitioner filed other *Simmons*-based challenges to his career offender status in addition to his § 2255 proceedings. On November 23, 2011, Petitioner filed a motion for a sentence reduction under 18 U.S.C. § 3583 arguing that *Simmons* rendered

2

his prior North Carolina convictions inapplicable as predicate offenses for the career offender enhancement. *Id.* ¶ 12. The sentencing court denied the motion. *Id.* Petitioner also filed a motion "to amend the Statement of Reasons for his sentence to remove the finding that he is a career offender" based on *Simmons* on an unknown date, but the motion was denied by the sentencing court. Order, Docket Entry 1-1 at 2. The sentencing court denied the motion on September 17, 2015 as "[t]his claim was previously raised under 28 U.S.C. § 2255 and denied. The defendant has not provided any basis in law to attack his sentence by altering the Statement of Reasons." *Id.*

Petitioner filed the instant petition under 28 U.S.C. § 2241 on September 1, 2017.[1] This Court administratively terminated the petition on September 13, 2017 for failure to pay the filing fee or submit an *in forma pauperis* application. Docket Entry 2. Petitioner paid the filing fee on October 23, 2017, and the Court reopened the matter for review.

Petitioner raises four grounds for relief, all relating to his career offender status: (1) "Petitioner's prior North Carolina convictions were consolidated for Judgment under the North Carolina Structured Sentencing Act results in a single

---

[1] Notably missing from Petitioner's recitation of his challenges to his career offender status is his prior petition under 28 U.S.C. § 2241 that he filed in this Court. *See Arnold v. Hollingsworth*, No. 16-0993 (D.N.J. dismissed May 16, 2016).

3

sentence that may serve only as one sentence for purpose of determining whether a defendant is a career offender,"; (2) "Intervening change in Fourth Circuit law of determine [sic] whether a conviction is for a crime punishable by a prison term exceeding one year. *Simmons* decision overturn the Fourth Circuit controlling authority of *U.S. v. Harp*, making *Harp* no longer good law,"; (3) "At the preparation of the P.S.R. the utilization of inaccurate information effect the execution of Petitioner's sentence by determining that the prior North Carolina convictions qualified as a predicate felony for the career offender statute and 851," and; (4) "Petitioner's prior offenses do not qualify as Predicate felonies under *Simmons* the enhancement is erroneous and in violation of the Due Process Clause of the Constitution by the unlawful execution of the career offender designation. Petitioner['s] sentence constituted fundamental defect and a miscarriage of justice." He asks the Court to release him and to reduce his term of supervised release. Petition ¶ 15.

### III. STANDARD OF REVIEW

Petitioner brings this petition as a pro se litigant. The Court has an obligation to liberally construe pro se pleadings and to hold them to less stringent standards than more formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Attorney Gen. of the U.S.*, 655 F.3d 333, 339

(3d Cir. 2011), *as amended* (Sept. 19, 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *Lewis v. Attorney Gen.*, 878 F.2d 714, 721–22 (3d Cir. 1989); *United States v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969), *cert. denied*, 399 U.S. 912 (1970).

Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989).

## IV. ANALYSIS

Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). "[Section] 2255 expressly prohibits a district court from considering a challenge to a

prisoner's federal sentence under § 2241 unless the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Snyder v. Dix*, 588 F. App'x 205, 206 (3d Cir. 2015) (quoting 28 U.S.C. § 2255(e)); *see also In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997).

In the Third Circuit, prisoners may use § 2241 to challenge their sentences after two conditions are satisfied: (1) there must be "a claim of actual innocence on the theory that [the prisoner] is being detained for conduct that has subsequently been rendered non-criminal . . . in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review," and (2) "the prisoner must be 'otherwise barred from challenging the legality of the conviction under § 2255.'" *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017) (quoting *United States v. Tyler*, 732 F.3d 241, 246 (3d Cir. 2013)). "It matters not whether the prisoner's claim was viable under circuit precedent as it existed at the time of his direct appeal and initial § 2255 motion. What matters is that the prisoner has had no earlier opportunity to test the legality of his detention since the intervening Supreme Court decision issued." *Id.*

Petitioner's current petition fails because he had prior opportunities to test the legality of his career offender designation. Petitioner raised his *Simmons* and career offender

sentencing enhancement claims in the Western District of North Carolina under 28 U.S.C. § 2255 and was denied relief on timeliness and waiver grounds. *Arnold v. United States*, No. 10-0453, 2015 WL 1457531 (W.D.N.C. Mar. 30, 2015), *appeal dismissed* 613 F. App'x 252 (4th Cir. 2015) (per curiam).[2] *See also* Petition ¶¶ 5, 7, 8(b).

"Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief . . . ." *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam) (citing *Dorsainvil*, 119 F.3d at 251); *see also Charles v. Chandler*, 180 F.3d 753, 757-58 (6th Cir. 1999) ("Simply because a sentencing court has already denied relief to the petitioner under § 2255 does not render his remedy under § 2255 inadequate or ineffective."). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Cradle*, 290 F.3d at 538 (citation omitted). Accordingly, this Court lacks jurisdiction to entertain this challenge to Petitioner's conviction under § 2241.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in

---

[2] "[A] court may take judicial notice of a prior judicial opinion." *McTernan v. City of York*, 577 F.3d 521, 525 (3d Cir. 2009).

which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. The Court finds that it is not in the interests of justice to transfer this habeas petition as Petitioner has already raised a challenge to his career offender status in a § 2255 motion. Nothing in this opinion, however, should be construed as prohibiting Petitioner from seeking the Fourth Circuit's permission to file on his own should he so choose.

**V.    CONCLUSION**

For the reasons stated above, the petition is dismissed for lack of jurisdiction.

An accompanying Order will be entered.

| | |
|---|---|
| **April 9, 2018** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | U.S. District Judge |